FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 0 8 2021

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

1   Joseph H. Harrington
    Acting United States Attorney
2   Eastern District of Washington
3   Alison L. Gregoire
    Assistant United States Attorney
4   Post Office Box 1494
5   Spokane, WA 99210-1494
    Telephone: (509) 353-2767
6

7               UNITED STATES DISTRICT COURT
8           FOR THE EASTERN DISTRICT OF WASHINGTON

9   UNITED STATES OF AMERICA,
10                                          No:  2:20-CR-162-TOR-1
                    Plaintiff,
11

12          v.                              PLEA AGREEMENT
                                            Rule 11(c)(1)(C)
13  RYAN MICHAEL KALMBACK,
14
15                  Defendant.
16

17      Plaintiff, United States of America, by and through Joseph H. Harrington,

18  Acting United States Attorney for the Eastern District of Washington, and

19  Alison L. Gregoire, Assistant United States Attorney for the Eastern District of

20  Washington, and Defendant RYAN MICHAEL KALMBACK and the

21  Defendant's counsel, Colin G. Prince, agree to the following Plea Agreement

22  pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):

23
        1.      Guilty Plea and Maximum Statutory Penalties:
24
        The Defendant, RYAN MICHAEL KALMBACK, agrees to plead guilty,
25
26  pursuant to Fed. R. Crim. P. 11(c)(1)(C) to Count 1 of the Indictment in this case

27  charging the Defendant with:  Receipt of Child Pornography, in violation of 18

28  U.S.C. § 2252A(a)(2)(A). The Defendant understands that the charge of Receipt

1

Plea Agreement

1    of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) carries a

2    maximum penalty of not less than five years nor more than twenty years

3    imprisonment, a fine not to exceed $250,000; a term of supervised release of not

4    less than 5 years up to life; a $100 special penalty assessment; a $5000 special

5    assessment pursuant to the Justice for Victims of Trafficking Act of 2015, unless

6    the Court finds Defendant to be indigent; and an additional special penalty

7    assessment of no more than $35,000, pursuant to the Amy, Vicky and Andy

8    Child Pornography Victim Assistance Act of 2018, 18 U.S.C. § 2259A.

9         The Defendant, RYAN MICHAEL KALMBACK, understands that a

10   violation of a condition of supervised release carries an additional penalty of re-

11   imprisonment for all or part of the term of supervised release without credit for

12   time previously served on post-release supervision.

13        2.    The Court is Not a Party to the Agreement:

14        The Court is not a party to this Plea Agreement and may accept or reject

15   this Plea Agreement. Sentencing is a matter that is solely within the discretion of

16   the Court. The Defendant understands that the Court is under no obligation to

17   accept any recommendations made by the United States and/or by the

18   Defendant; that the Court will obtain an independent report and sentencing

19   recommendation from the U.S. Probation Office; and that the Court may, in its

20   discretion, impose any sentence it deems appropriate up to the statutory

21   maximums stated in this Plea Agreement.

22   

23        The Defendant acknowledges that no promises of any type have been

24   made to the Defendant with respect to the sentence the Court will impose in this

25   matter. The Defendant understands that the Court is required to consider the

26   applicable sentencing guideline range but may depart upward or downward

27   under the appropriate circumstances.

28        The United States and the Defendant agree that this Plea Agreement is

Plea Agreement

entered pursuant to Fed. R. Crim. P. 11(c)(1)(C) and to jointly recommend Defendant be sentenced to 5 years for Receipt of Child Pornography.

The Defendant understands that this is a Plea Agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) and that the United States may withdraw from this Plea Agreement if the Court imposes a lesser sentence than agreed upon. The Defendant further understands that the Defendant will have the option to withdraw from this Plea Agreement if the Court imposes a sentence harsher than agreed upon.

3.    Waiver of Constitutional Rights:

The Defendant, RYAN MICHAEL KALMBACK, understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

(a).    The right to a jury trial;

(b).    The right to see, hear and question the witnesses;

(c).    The right to remain silent at trial;

(d).    The right to testify at trial; and

(e).    The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4.    Elements of the Offense:

The United States and the Defendant agree that in order to convict the Defendant of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), the United States would have to prove beyond a reasonable

3

Plea Agreement

doubt the following elements:

(1) On or about and between May 19, 2019, and July 25, 2019, in the Eastern District of Washington, the Defendant knowingly received a visual depiction of child pornography;

(2) the Defendant knew the production of such visual depiction(s) involved the use of minor(s) engaged in sexually explicit conduct;

(3) the visual depictions had been mailed or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

5.    Factual Basis and Statement of Facts:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant RYAN MICHAEL KALMBACK's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

On May 27, 2020, SA Booth was provided a lead from the FBI Anchorage Division concerning an investigation beginning May 19, 2018 and continuing through April 01, 2020. An undercover Anchorage-based agent exchanged messages via Kik Messenger with Kik user Rhy25 (later determined to be KALMBACK). The chat contained conversation about Rhy25's interest in having sex with the undercover's 12-year-old daughter.[1] During the conversation, KALMBACK sent two child pornography videos to the undercover that KALMBACK had previously received via the internet. One of

---

[1] The undercover was posing as a father.

4

Plea Agreement

1  the videos depicts what appears to be an adult penis in the anus of a pre-

2  pubescent child. The other depicts a pre-pubescent female orally copulating the

3  penis of an adult male.

4         On December 18, 2019, Anchorage Division received the results of an

5  administrative subpoena to Kik for subscriber information for Rhy25. The email

6  provided for the account by the subject was rkalmback@yahoo.com. Kik

7  provided the established date for user "Rhy25" as June 2, 2012. The Kik account

8  was still active and Kik provided IP Address logins for November and

9  December 2019. The IP Address logins were mostly Sprint cellular (and

10 therefore not traceable to a specific residence) but three residential IPs were

11 located. There were IP addresses that appeared to correlate to residences used

12 between November 21, 2019 and November 23, 2019, where KALAMBACK

13 had been staying. One was an address in Medical Lake, and one was a hotel in

14 Missoula, which KALAMBACK had stayed at on the day the IP address was

15 listed.

16        Additionally, an Anchorage Special Agent requested a driver's license

17 photo of Ryan KALMBACK. The driver's license photo returned to the Agent

18 was the same person depicted in the profile photo and all chat icon photos of the

19 Rhy25 Kik account. A Special Agent matched the driver's license photo to the

20 chat icons. The birthdate listed on KALMBACK'S driver's license matches the

21 age Rhy25 had stated in the chats. SA Booth also found KALMBACK'S

22 Facebook page, which again depicted the same person as the Kik account profile

23 photo.

24        A search warrant was obtained for KALMBACK's residence and

25 executed on July 30, 2020.  KALMBACK's phone was seized and searched.

26 Child pornography images were located on the phone and, per the file path,

27 many had been transmitted to KALMBACK via Kik. In total, KALMBACK had

28

5

Plea Agreement

received 5 child pornography videos and 86 child pornography still images. The receipt "creation" dates indicate KALMBACK received the images on his phone between May 19, 2019 and July 25, 2020. KALMBACK was present at the time the warrant was executed and confessed (post-*Miranda*), to using Kik to obtain child pornography on his Apple iPhone. He identified his account as "Rhy25."

6.    The United States Agrees:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment in this case, unless the Defendant breaches this Plea Agreement any time before or after sentencing. The United States also agrees to dismiss Count 2 of the Indictment against Defendant, alleging Distribution of Child Pornography.

7.    United States Sentencing Guideline Calculations:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

(a.)    Base Offense Level:

The United States and the Defendant agree that the base offense level for Receipt of Child Pornography is 22. See U.S.S.G. §2G2.2(a)(2).

(b.)    Specific Offense Characteristics:

The United States and the Defendant also agree and stipulate that the base offense is increased as follows:

(1) 2-level increase because material involved a prepubescent minor who had not attained the age of 12.  U.S.S.G. § 2G2.2(b)(2);

(2) 2-level increase because the offense involved use of a computer for the

6

Plea Agreement

receipt/distribution of the material.  U.S.S.G. § 2G2.2(b)(6);

(3) 4-level increase because the offense involved 300 or more images. U.S.S.G. § 2G2.2(b)(7)(C);

(4) 2-level increase because the offense involved distribution. U.S.S.G. § 2G2.2(b)(3)(F).

(c.)    Acceptance of Responsibility:

If the Defendant pleads guilty and demonstrates a recognition and affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; and accepts this Plea Agreement; the United States will move for a three (3) level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

(d.)    Criminal History:

The United States and the Defendant understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Pre-Sentence Investigative Report is completed.

Plea Agreement

8.      Jointly Recommended Term of Imprisonment:

The United States and the Defendant agree that this Plea Agreement is entered pursuant to Fed. R. Crim. P. 11(c)(1)(C) and to jointly recommend Defendant be sentenced to 5 years imprisonment for Receipt of Child Pornography.

9.      Criminal Fine:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate. Neither party may withdraw from the Plea Agreement based on the ultimate fine imposed.

10.     Supervised Release:

The United States and the Defendant agree to recommend a term of supervised release. The United States will recommend a 20 (twenty) year term of supervised release. Defendant may recommend any legal term of supervised release. Neither party may withdraw from the Plea Agreement based on the ultimate term of supervised release imposed.

11.     Restitution:

The United States and the Defendant agree restitution must be paid to identified victims. No precise restitution amount has yet been agreed upon by the parties. The United States and the Defendant hereby stipulate and agree that pursuant to 18 U.S.C. § 2259(b)(2), the Court shall order restitution for the full amount of the victims' losses in an amount that reflects the Defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000 per victim.

With respect to any restitution, the parties agree to the following:

(a) Restitution Interest

Plea Agreement

The interest on the restitution amount should be waived.

(b) Payments

The parties agree the Court will set a restitution payment schedule based on financial circumstances. *See* 18 U.S.C. § 3664(f)(2), (3)(A). Defendant agrees to pay not less than 10% of his net monthly income towards his restitution obligation.

(c) Treasury Offset Program and Collection

Defendant understands the Treasury Offset Program collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. *See* 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant also understands the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. *See* 18 U.S.C. §§ 3572, 3613, and 3664(m). Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

Until a fine or restitution order is paid in full, Defendant agrees fully to disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those held by a spouse, nominee or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement that will be provided by the earlier of 30 days from Defendant's signature on this plea agreement or the date of Defendant's entry of a guilty plea, sign it under penalty of perjury and provide it to both the United States Attorney's Office and the United States Probation Office. Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on Defendant upon the signing of this Plea Agreement.

9

Plea Agreement

Until such time as the fine or restitution order is paid in full, Defendant agrees to provide waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information.

(d) Notifications

The Defendant agrees to notify the Court and the United States of any material change in his economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect his ability to pay restitution. *See* 18 U.S.C. § 3664(k). This obligation ceases when the restitution is paid-in-full.

The Defendant agrees to notify the United States of any address change within 30 days of that change. *See* 18 U.S.C. § 3612(b)(F). This obligation ceases when the restitution is paid-in-full.

12.    Mandatory Special Penalty Assessments:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

Pursuant to the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014, upon conviction, unless the Sentencing Court finds the Defendant to be indigent, an additional mandatory special assessment of $5,000 must also be imposed.

Pursuant to the Amy, Vicky and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. § 2259A, upon conviction, in addition to any other criminal penalty, restitution, or special assessment authorized by law, the court shall assess additional special penalty assessment of no more than $35,000.

13.    Payments While Incarcerated:

If the Defendant lacks the financial resources to pay the monetary

10

Plea Agreement

obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

14.   Judicial Forfeiture:

The Defendant, RYAN MICHAEL KALMBACK, agrees to voluntarily forfeit and relinquish all right, title and interest in all assets listed herein to the United States, and hereby agrees to execute any and all forms and pleadings necessary to effectuate such forfeiture of assets, including, but not limited to the following:

- Red iPhone SE, serial number: FFWCPG9VPLK1

The Defendant stipulates that he is the sole owner of the assets identified in this Plea Agreement and that no one else has an interest in the assets.

The Defendant acknowledges that the assets listed above that the Defendant is agreeing to forfeit are subject to forfeiture pursuant to 18 U.S.C. § 2253(a) and (b), as property used or intended to be used in any manner or part to commit or to facilitate the commission of Receipt of Child Pornography as charged in Count 1 of the Indictment, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1), to which Defendant is pleading guilty.  The Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States, and to testify truthfully in any forfeiture proceeding.

The Defendant agrees to hold all law enforcement agents/officers, and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any asset covered by this agreement.

The Defendant waives further notice of any federal, state, or local proceedings involving the forfeiture of the seized assets the Defendant is agreeing to forfeit in this Plea Agreement.

Plea Agreement

The Defendant further agrees to waive all constitutional, equitable and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the asset(s). Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

15.     Additional Violations of Law Can Void Plea Agreement:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

16.     Appeal Rights:

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. If the Court imposes a sentence of not more than 5 years imprisonment, Defendant hereby expressly waives his right to appeal his conviction and the sentence the Court imposes, including any restitution order up to $14,000, special assessments, and order of supervised release. Defendant retains his right to appeal a restitution order totaling more than $14,000. Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

Plea Agreement

17.    <u>Notice of Sex Offender Registration:</u>

The Defendant has been advised and understands, that as a convicted sex offender, under the Sex Offender Registration and Notification Act, a federal law, the Defendant must register and keep the registration current in each of the following jurisdictions: the location of the Defendant's residence, the location of the Defendant's employment; and, if the Defendant is a student, the location of the Defendant's school. Registration will require that the Defendant provide information that includes name, residence address, and the names and addresses of any places at which the Defendant is or will be an employee or a student. The Defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The Defendant understands that failure to comply with these obligations subjects the Defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

18.    <u>Integration Clause:</u>

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

Approvals and signatures

13

Plea Agreement

1    Agreed and submitted on behalf of the United States Attorney's Office for

2    the Eastern District of Washington.

3

4    Joseph H. Harrington
     Acting United States Attorney
5

6

7

8    _____          _7/8/21_____
     Alison L. Gregoire                         Date
9    Assistant U.S. Attorney

10

11    I have read this Plea Agreement and have carefully reviewed and

12    discussed every part of the agreement with my attorney. I understand and

13    voluntarily enter into this Plea Agreement. Furthermore, 1 have consulted with

14    my attorney about my rights, I understand those rights, and I am satisfied with

15    the representation of my attorney in this case. No other promises or inducements

16    have been made to me, other than those contained in this Plea Agreement and no

17    one has threatened or forced me in any way to enter into this Plea Agreement. I

18    am agreeing to plead guilty because I am guilty.

19

20

21

22    _____          _7/7/21_____
      RYAN MICHAEL KALMBACK                     Date
23    Defendant

24

25    I have read this Plea Agreement and have discussed the contents of the

26    agreement with my client. The Plea Agreement accurately and completely sets

27    forth the entirety of the agreement between the parties. I concur in my client's

28    decision to plead guilty as set forth in the Plea Agreement. There is no legal

14

Plea Agreement

1 | reason why the Court should not accept the Defendant's plea of guilty.

2

3

4

Colin G. Prince
Attorney for the Defendant

7/7/2021
Date

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

Plea Agreement